FILED

DEC 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN M. VAN ORSDOL,

Petitioner-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Respondent-Appellee.

No.    14-35220

D.C. No. 2:13-cv-00601-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted December 5, 2016
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

John Van Orsdol appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income.  The administrative law judge (ALJ)

found that Van Orsdol was not disabled because he had the residual functional

_____

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

capacity (RFC) to perform work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The ALJ gave "specific, clear and convincing reasons" justifying his decision to discount Van Orsdol's testimony and reasonably concluded that Van Orsdol's testimony about the severity of his symptoms conflicted with the record. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotations omitted).

2.     The ALJ did not err when incorporating the medical opinion evidence into Van Orsdol's RFC. First, the ALJ gave "specific and legitimate reasons that are supported by substantial evidence in the record" for discounting certain medical opinions. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). The ALJ discounted the opinions of Dr. Floyd and physician's assistant Kenneth Wiscomb because they were contradicted by later medical opinions or were unexplained and unsupported by evidence. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (concluding the "most recent medical reports are highly probative" where a condition has changed); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (stating that ALJs may reject a medical opinion for being "conclusory and unsubstantiated by relevant medical documentation").

2

Second, the ALJ did not reject Dr. Kiefer's medical opinion, but instead gave it "significant weight" and incorporated restrictions from the opinion into the hypotheticals presented to the vocational expert during his testimony. The vocational expert was able to identify four jobs classified in the Dictionary of Occupational Titles as "light work" that someone with such restrictions could perform. *See Johnson*, 60 F.3d at 1435 ("[T]he expert testimony may properly be used to show that the particular jobs, whether classified as light or sedentary, may be ones that a particular claimant can perform."). None of the authorities cited by Van Orsdol mandate a finding that someone with his limitations could only perform sedentary work. *See* 20 C.F.R. §§ 404.1567, 416.967; SSR 83–10, 1983 WL 31251, at *5–6 (1983). The ALJ's evaluation of Van Orsdol's RFC was not erroneous.

3. The ALJ gave "germane reasons" for discounting the testimony of lay witness Stanley Hofmann by finding that his testimony was inconsistent with the record. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

The ALJ gave appropriate reasons for discounting certain opinions and did not otherwise err in evaluating Van Orsdol's RFC. Because substantial evidence supports the ALJ's determination that Van Orsdol is not disabled, we affirm.

**AFFIRMED.**

3